Cajilema-Bravo v. Bondi

BIA
Laforest, IJ
A220 575 277
A220 956 706/711

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

SEGUNDO EDUARDO CAJILEMA-BRAVO, MARTHA SILVANA TENE-GARCIA, J.J.C.T.,

> *Petitioners*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

24-111

NAC

*Respondent.**

_____

**FOR PETITIONERS:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Segundo Eduardo Cajilema-Bravo, Martha Silvana Tene-Garcia, and their minor child, natives and citizens of Ecuador, seek review of a December 13, 2023 decision of the BIA summarily affirming a July 5, 2022 decision of an Immigration Judge ("IJ" and, together with the "BIA," "the agency") that denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cajilema-Bravo, et al.*, Nos. A220 575 277, A220 956 706/711 (B.I.A. Dec. 13, 2023), *aff'g* Nos. A220 575 277, A220 956 706/711 (Immig. Ct. N.Y. City July

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above to abbreviate the name of the minor child.

5, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions.   *See Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015).   We review the agency's factual findings for substantial evidence and questions of law de novo.   *Id.*   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

"We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment."   *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (providing that "the argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").   In their brief, Petitioners state the law and restate their claims, but they do not identify legal or factual error in the agency's dispositive findings and thus have abandoned review of all forms of relief.   *See Debique*, 58 F.4th at 684–85 (finding petitioner abandoned any arguments by failing to "state the issue *and* advance an argument" (quotation marks omitted)).

3

Even if we were to deem Petitioners' conclusory arguments sufficient, the agency did not err. As the agency found, Cajilema-Bravo did not testify to past harm rising to the level of persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks omitted)); *Ivanishvili v. DOJ*, 433 F.3d 332, 341 (2d Cir. 2006) (providing that persecution must rise above "mere harassment").

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), *superseded in part on other grounds*, <u>Singh v. Bondi</u>, 139 F.4th 189, 192 (2d Cir. 2025). Because Petitioners' evidence did not show persecution of evangelical Christians or indigenous individuals, including Cajilema-Bravo, or identify an individualized threat of future persecution, the agency did not err in finding that Petitioners failed to corroborate or satisfy their burden of proving a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2)(i)-(iii); *Jian Xing Huang v. INS*, 421 F.3d

4

125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *Juan v. Garland*, No. 20-1581, 2023 WL 4102203, at *2 (2d Cir. June 21, 2023) (summary order) ("A pattern or practice claim requires demonstration of systemic or pervasive persecution." (quotation marks omitted)). Petitioners' failure to establish past persecution or a well-founded fear of persecution is dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) ("[When an applicant] fails to demonstrate the . . . chance of persecution required for the grant of asylum, he necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief." (quotation marks and citations omitted)).

A copy of this order will be forwarded to this Court's Grievance Panel for consideration of the following issues with the brief. First, the Petitioners' brief fails to challenge the agency's dispositive bases for denying relief and argues issues not considered below. Second, it includes factual allegations that are not supported by the record. For example, it alleges that Cajilema-Bravo suffered savage beatings and that the IJ failed to consider the CAT claim. *See* Petitioners'

Br. at 4, 11.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court